## Case No. 6,604.

### In re HOLLAND.

[8 N. B. R. 190.][1]

District Court, E. D. Michigan. April, 1873.

BANKRUPTCY—FRAUDULENT PREFERENCE— PROOF OF DEBTS.

1. Where a debt or claim, on account of which an illegal preference is received, is sin-

---

[1] [Reprinted by permission.]

gle or entire, or where such claim consists of disconnected debts, and a preference is received on account of them all, the preferred creditor must surrender all he has received before he will be allowed to prove any portion of his debt.

2. Where a creditor has several disconnected claims or debts and receives a preference as to a part only of such debts, he may prove without surrender as to the debts on which he has received no preference; following In re Richter [Case No. 11,803].

[Cited in Re Aspinwall, 11 Fed. 138; Re McVay, 13 Fed. 445.]

3. Where a creditor has separate and distinct debts, on which he receives separate and distinct preferences, he may surrender as to some without surrendering as to all, and will be entitled to prove on the debts so surrendered.

[In bankruptcy. In the matter of D. G. Holland.] On an issue certified by the register, Benjamin J. Brown, Esq., formed under general order 34, upon the application of the assignee to expunge the claims of William Final, a creditor of said estate, on the ground of a fraudulent preference.

LONGYEAR, District Judge. Final was endorser for the bankrupt upon four promissory notes, as follows: One for three thousand dollars, dated February 22d, 1869; one for one thousand dollars, dated February 28th, 1869; one for two thousand dollars, dated March 25th, 1869, and one for the thousand dollars, dated February 2d, 1869. Within four months before the commencement of proceedings in bankruptcy, the bankrupt transferred to Final a quantity of pine lands, and a note against one Alexander English, for one thousand dollars, out of which Final was to indemnify himself, and under circumstances that leave no doubt of the transfers constituting a fraudulent preference under the bankrupt act [of 1867; 14 Stat. 517], as to both debtor and creditor. After the appointment of the assignee Final surrendered the lands so transferred to him, and has proven the first three notes above specified against the bankrupt's estate. Final used the English note for one thousand dollars to take up the remaining note of the same amount so endorsed by him, and has neither surrendered the English note or the avails or value thereof, nor has he sought to prove the note so taken up by it. The application now is to expunge the claims proven because of the non-surrender of the English note or the avails or value thereof. Where a debt or claim, on account of which an illegal preference is received, is single and entire, or where such claim consists of two or more separate and disconnected debts, and such preference is received on account of them all, no portion can be proved without a previous surrender (section 23), and if proven, it will, on application, be expunged. But when a creditor has two or more separate and disconnected debts, receiving a fraudulent preference as to some one or more

only will not affect his right to prove those as to which no preference has been received and to receive dividends thereon. In re Richter [Case No. 11,803]. So, where a creditor has separate and disconnected debts as to which he has received separate and distinct fraudulent preferences, he may surrender as to some and prove and receive dividends as to them without surrendering as to the others. In this case the proofs are clear and pointed, and all agreed that the English note, in regard to which this controversy arises, was transferred to Final for the express and sole purpose of being used as it was used by him, to take up the note before mentioned. It was, therefore, a preference as to the one note only, and can in no manner affect Final's right to prove as to the other three, and receive dividends thereon, he having surrendered the pine lands, the only preference he had received on their account. Whatever remedy the assignee may have in regard to the English note it does not lie in this direction. Let an order be made and certified to the register, Benjamin J. Brown, Esq., denying the application of the assignee to expunge the claim of William Final against the said estate.