## *In re* ASPINWALL, Bankrupt.

*(District Court, S. D. New York.   March 17, 1882.)*

1. BANKRUPTCY—RETURN OF GOODS, A RESCISSION OF DEALING—NOT A PREFERENCE.
    Where a bankrupt's indebtedness has arisen upon various different purchases and importations of merchandise, his return a few days after his failure of goods received upon the last shipment, a few days prior thereto, must be deemed a rescission of a specific part of his dealings with the creditor, and not a payment or transfer of property on account of his general indebtedness to the seller.

2. SAME—PROVING RESIDUE OF CLAIM.
    Such a return of goods, though subsequently avoided by the assignee in bankruptcy as a transfer to a creditor having knowledge of the bankrupt's insolvency, does not prevent the creditor from proving the residue of his claim against the bankrupt under section 5084 of the Revised Statutes, the return of goods in such case not being " on account of the debt or claim proved."

In Bankruptcy.   Motion to expunge proof of debt.

The adjudication was made in this case January 27, 1873, on the bankrupt's own petition.   He was a merchant in New York, and failed on the fifth of December, 1872.   Prior to that time he had been accustomed to purchase goods from Maclean, Maris & Co., of London, who, upon their various shipments, were entitled to draw on Brown, Shipley & Co. within certain limits of credit.   The last invoice of goods was dated October 31, 1872, and the goods arrived in New York prior to the first of December and were stored by Mr. Aspinwall.   On December 10, 1872, five days after the failure, the bankrupt notified the agent of Maclean, Maris & Co., in New York, that he would hold the goods last shipped and then in store for their account, if not already drawn against.   They had not been drawn upon, and on the seventh of January were turned over to the seller's agent.   Olcott, the assignee in bankruptcy subsequently appointed, soon after sued Maclean, Maris & Co. to recover back the value of the

goods, charging they were received by them having reasonable cause to believe that the bankrupt was insolvent; and after a long litigation, which was carried to the United States supreme court, the assignee in bankruptcy has recovered the value of the goods so returned, namely, $1,306.40, with interest from January 7, 1873. During the pendency of this litigation, Maclean, Maris & Co. proved the residue of their claim against the bankrupt, amounting to $738.73. This claim was the balance due upon seven other shipments and invoices during some six months prior to the invoice of October 31st, together with a small previous balance. The assignee now moves to expunge this proof of claim on the ground of the unlawful preference as adjudicated by his recovery in the above-named suit.

*Chambers, Boughton & Prentiss,* for assignee.

*Scudder & Carter* and *Geo. A. Black,* for the creditors.

BROWN, D. J. It seems to me impossible to hold that the goods returned in this case were a preference "on account of the same debt or claim" that has been proved, within the meaning of section 23 of the act of 1867, now section 5084 of the Revised Statutes. Different shipments are presumptively independent debts; the evidence shows the right to draw upon them independently. The goods returned were the identical goods shipped in the last invoice, and were obviously intended as a rescission *pro tanto* of that particular purchase. Had they been sold or transferred by the bankrupt to Maclean, Maris & Co. merely upon general account of his entire indebtedness to them, the bankrupt would have been entitled simply to a credit on this general account for the value of the goods at the time of the reconveyance, in the absence of any contract price at which they should be taken back, without any regard to the original purchase price. Any such inquiry concerning the price or value of these goods on their return is manifestly incompatible with the plain intention of this transaction, and it must be, therefore, necessarily considered solely as a rescission of this last shipment,—a rescission proffered by the purchaser a few days after the receipt of the goods, and accepted by the seller in due course of mail. It had no relation whatsoever to any other indebtedness owing to Maclean, Maris & Co. for other goods, whether owing upon a single running account, or upon independent transactions. This rescission involved an unlawful transfer from the bankrupt of title to property already vested in him, and hence was voidable under the bankrupt law, at the instance of the assignee, but at the same time it was simply designed as a rescission of a specific part of

the bankrupt's dealings, without any reference to the rest of his indebtness to Maclean, Maris & Co. It was, therefore, no payment or preference in respect to their other transactions not rescinded, or in respect to the indebtedness remaining due upon such other transactions, nor was it ever so intended. The right to prove the residue, therefore, was not affected. If the whole indebtedness had been represented by several promissory notes, one of which covered only the last shipment, the cancellation of this last note, upon an unlawful return of the goods represented by it, could have had no effect upon the right to prove the other notes. *In re Kingsbury*, 3 N. B. R. 318; *In re Richter's Estate*, 4 N. B. R. 221, 232; *In re Lee*, 14 N. B. R. 89; *In re Holland*, 8 N. B. R. 190. See, also, *In re Black*, 17 N. B. R. 400; *In re Currier*, 2 Low. 437. This case is in principle essentially the same.

Without considering, therefore, the other points raised upon the argument, the motion to expunge should be denied.